EMIL W. SIEFKEN ET UX., v. CHARLES SOMMERS AND
ALVINA BECKMAN.

Decided November 8, 1923.

### Ejectment—Defendants Claim Contract of Sale and Counter-Claim for Damages for Breach Thereof.

On rule to show cause from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the rule, *Lazarus, Brenner & Vickers.*

*Contra, Wall, Haight, Carey & Hartpence.*

PER CURIAM.

This is an action in ejectment to recover possession of
premises No. 275 Avenue B, in Bayonne, New Jersey, and
for *mesne* profits and damages. There was no dispute as to
the possession of defendants, and no defense was put in.
Defendants claimed the right to retain possession by virtue of
an alleged contract of sale, which they contended plaintiffs
had failed to perform, and counter-claimed for damages be-
cause of the alleged breach. The lease, which contained an
option to purchase, was made by Emil W. Siefken only. The
premises were owned by Emil W. Siefken and Emma S.
Siefken, his wife, thus creating an estate by the entirety.

The trial court directed a verdict for possession, and this
left only the question of damages for which the jury found
a verdict of only six cents, which may have been suggested
by a misapprehension of the language of the court in that
particular.

There was substantial testimony as to the value of the
premises given by the plaintiff, and others, and the lease
itself presented some evidence upon the subject, while the

defense offered no evidence upon the question. That situa-tion left the plaintiff's affirmative proof unquestioned, and the jury should have so regarded it.

The verdict being against the weight of the evidence the rule is made absolute.